```
                 UNITED STATES DISTRICT COURT
                  EASTERN DIVISION OF KENTUCKY
                   CENTRAL DIVISION at LEXINGTON


SAMANTHA COMPTON,              )
                               )
     Plaintiff,                )
v.                             )       Civil Case No.
                               )       5:12-cv-302-JMH
CITY OF HARRODSBURG,           )
KENTUCKY, ET AL.,              )   MEMORANDUM OPINION & ORDER
                               )
     Defendants.               )
                               )
```

                              ***

This matter is before the Court on Plaintiff's Motion for Partial Reconsideration [DE 27] of this Court's February 22, 2013 Memorandum Opinion and Order [DE 24]. Defendants Ernie Kelty and the City of Harrodsburg (the "City") responded to the motion [DE 29, 31] and, the time having passed for Plaintiff's reply, this matter is ripe for this Court's review.

Plaintiff argues that this Court committed a clear error of law by dismissing her claims under KRS §§ 620.030 and 446.070 with prejudice. *See* Fed. R. Civ. P. 59(e). Plaintiff points out that she did not contend that KRS § 620.030 created a private action, which is the argument that this Court originally addressed. Rather, Plaintiff's Complaint raises a claim under Kentucky's negligence per se statute KRS § 446.070 for a violation of KRS § 620.030, which creates a duty to report abuse

in certain circumstances. Plaintiff argues that this Court did not fully analyze the interaction of Kentucky's negligence per se statute, KRS § 446.070, with KRS § 620.030 in its Memorandum Opinion and Order. Upon further consideration of the arguments presented, and for the reasons described below, this Court agrees that the negligence per se statute, considered with an alleged violation of KRS §620.030, creates a cause of action for Plaintiff in this matter. Accordingly, this Court agrees that its February 22, 2013 Memorandum Opinion and Order [DE 24] did not fully address the argument raised by counsel and, in accordance with Fed. R. Civ. P. 59(e), hereby vacates that portion of the Order addressing KRS §§ 620.030 and 446.070 [DE 24 at 14-17, Section IV. B] and its dismissal of those claims with prejudice [DE 24 at 22, Section V. 3(E)] and amends those portions of the Order [DE 24] to read as follows.

**B. Plaintiff's claim against Defendant City of Harrodsburg for failure to report child abuse pursuant to KRS § 620.030.**

The City also moves to dismiss Plaintiff's claim against the City of Harrodsburg for its failure to report child abuse in violation of KRS § 620.030. Plaintiff does not argue that the

terms of KRS § 620.030 alone create a private cause of action.[1] [DE 15 at 18-23; DE 27 at 2]. Instead, Plaintiff argues that this claim survives because KRS § 446.070, Kentucky's codification of negligence per se, permits recovery for Defendants' violation of KRS § 620.030 because Plaintiff was within the class of persons intended to be protected by the statute. KRS § 446.070; *Ezell v. Christian Cnty., Ky.*, 245 F.3d 853, 856 (6th Cir. 2001).

Kentucky's negligence per se statute "creates a private right of action for the violation of any statute so long as the plaintiff belongs to the class intended to be protected by the statute." *Ezell*, 245 F.3d at 856 (citing *State Farm Mut. Auto. Ins. Co. v. Reeder*, 763 S.W.2d 116, 117-18 (Ky. 1988)); KRS § 446.070. However, this statute is not applicable where a civil remedy is available to the aggrieved party. *Id.* (citing *Grzyb v. Evans*, 700 S.W.2d 399, 401 (1985)). Federal courts must follow the plain language of the negligence per se statute "absent a contrary interpretation from the Kentucky courts." *Ezell*, 245 F.3d at 856.

---

[1] While this Court's original Order [DE 24] considered whether there was a right of action under KRS § 620.030, because Plaintiff does not make that argument, this Court declines to address it now. The Court also notes that the Kentucky Supreme Court has recently declined to address whether KRS § 620.030 creates a private right of action. *Turner v. Nelson*, 342 S.W.3d 866 n. 5 (Ky. 2011).

In *Ezell*, the Sixth Circuit addressed the question of whether there was a private right of action under KRS § 446.070 against the county engineer for failure to comply with KRS § 179.070, which required the engineer to "remove trees or other obstacles from the right-of-way of any publicly dedicated road." *Id.* at 855-56. The Sixth Circuit determined that a man killed in an accident caused by his failure to see a stop sign hidden by foliage had a private right of action against the engineer because the deceased was within the class of persons that the statute was intended to protect. *Id.* at 857.

In this case, Plaintiff's Amended Complaint alleges that Kelty and the City knew and had reasonable cause to believe that Plaintiff and others were being abused by Defendant Elder and had a duty to report the abuse under the terms of KRS § 620.030, but failed to do so. [DE 10 at ¶ 42-45]. The Kentucky statute requiring the report of suspected child abuse is designed to protect the victims of the abuse from further abuse. Thus, assuming the allegations in the Complaint to be true, Plaintiff was within the class of persons designed to be protected by the duty to report statute and, thus, KRS § 446.070 provides a cause of action for Plaintiff.

Kelty and the City argue that Kentucky state courts have previously rejected Plaintiff's theory in the unpublished decisions of *Bramble v. Graham,* 2003-CA-1755-MR, 2004 WL 2151071

4

at *2 (Ky. App. 2004) and *Nelson v. Ky. Sch. Bds. Ins. Trust*, No. 06-CI-0976, 2007 WL 7731156 (Ky. Cir. Ct., Feb. 28, 2007)[2]. However, this Court disagrees. *Bramble* only addressed whether there was a right of action under KRS 620.030. There is no indication that the plaintiff brought a claim under KRS § 446.070, or that the court considered whether that statute applied. Similarly, the Fayette Circuit Court decision in *Nelson* only mentioned KRS § 620.030. While the City argues that KRS § 446.070 was considered, there is no citation for that argument and the Court can find no mention of the negligence per se statute in that court's decision.[3] [DE 31 at 3]. In fact, the Kentucky Supreme Court recently considered the Fayette Circuit Court's decision in *Nelson* on appeal and its decision strongly weighs against the arguments made by Kelty and the City. *Turner v. Nelson,* 342 S.W.3d 866 (Ky. 2011).

The Kentucky Supreme Court found that the defendant in that case did not have a duty to report under KRS § 620.030, but went on to note that if it had found that the duty to report statute applied in that instance, it would have been "actionable under KRS 446.070." *Nelson,* 342 S.W.3d at 877. The court further

---

[2] A copy of this opinion may be found at DE 24-1.
[3] To the contrary, a brief submitted to the Kentucky Supreme Court when that case was on review, indicates that KRS § 446.070 was never pled by the plaintiff in the complaint in that action, but only raised as an argument later during the appeal. Reply Brief for Appellant at 4 *Turner v. Nelson,* 342 S.W.3d 866 (Ky. 2011) No. 2010 SC 0356-DG, 2011 WL 1368947 at *4.

concluded that, if KRS § 620.030 had imposed a duty, immunity would apply to the defendant. *Nelson,* 342 S.W.3d at 872. In its analysis, the Kentucky Supreme Court continued to rely upon KRS § 446.070. *Id.* at 874 ("qualified official immunity applies to statutory actions under KRS 446.070"). In its conclusion, the court found that qualified immunity applied and, thus, defendant "could not be held liable for. . .the statutory action under KRS 446.070." *Nelson*, 342 S.W.3d at 878. While language addressing the claim under KRS § 446.070 was, arguably, not vital to the Kentucky Supreme Court's ultimate holding in the *Nelson* matter, this Court is persuaded that the language used by that court *strongly* suggests that it would recognize a claim under KRS § 446.070 for a violation of KRS § 620.030 as brought by Plaintiff.

Accordingly, **IT IS ORDERED** that Plaintiff's Motion for Partial Reconsideration [DE 27] of this Court's February 22, 2013 Memorandum Opinion and Order is **GRANTED**. This Court's February 22, 2013 Memorandum Opinion and Order [DE 24 at 14-17, Section IV. B] is **VACATED IN PART** and **AMENDED** as set forth above. Moreover, the relevant language of that Order, located at [DE 24 at 22, Section V. 3(E)] is **VACATED** and **AMENDED** to read:

(3) that Defendant City of Harrodsburg's Motion to Dismiss (D.E. 5) and Supplemental Motion to Dismiss (D.E. 11) are **GRANTED IN PART** and **DENIED IN PART**, as follows:

. . .

E) Defendant City of Harrodsburg's motion to dismiss Plaintiff's claim against the City for failure to report child abuse pursuant to KRS §§ 446.070, 620.030 is **DENIED**.

This the 10th day of May, 2013.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge