```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF KENTUCKY
                    CENTRAL DIVISION at LEXINGTON

SAMANTHA COMPTON,               )
                                )
     Plaintiff,                 )
                                )        Civil Case No.
v.                              )        5:12-cv-302-JMH
                                )
CITY OF HARRODSBURG,            )       MEMORANDUM OPINION
KENTUCKY, et al.,               )           AND ORDER
                                )
     Defendants.                )
                                )
```

\* \* \* \* \* \* \* \* \*

This matter is before the Court on a Joint Motion to File a Third-Party Complaint, pursuant to Fed. R. Civ. P. 14(a) [D.E. 47], filed by Defendants City of Harrodsburg and Ernie Kelty, in his individual capacity (hereinafter "Defendants"). The Defendants seek leave of court to file a third-party complaint against Rodney and Deanna Compton (hereinafter "the Comptons"), asserting claims of indemnity and apportionment. The time having passed for Plaintiff to file a response, this Motion is ripe for the Court's review. For the reasons which follow, Defendants' Joint Motion is denied.

**I. Procedural Background**

Plaintiff filed a complaint against Defendants on September 25, 2012, under 42 U.S.C. § 1983, alleging Constitutional violations, as well as state law violations, arising out of Plaintiff's sexual relationship with a member of the City of

Harrodsburg Police Department. [D.E. 1]. The Court previously dismissed the City of Harrodsburg Police Department, Ernie Kelty, in his official capacity, and Jason Elder, in his official capacity, as Defendants. [D.E. 24].

The Court dismissed, per Plaintiff's stipulation, the Plaintiff's First Amendment, Fifth Amendment, and Eighth Amendment claims against all parties, as well as a Tort of Outrage claim and a request for punitive damages against Defendant City of Harrodsburg. *Id.* Similarly, the Court, upon Defendants' Motion to Dismiss, dismissed (1) Plaintiff's claim against Defendant City of Harrodsburg alleging violations of sections two through five of the Fourteenth Amendment; (2) Plaintiff's claim alleging Defendant City of Harrodsburg violated the Kentucky Constitution; (3) Plaintiff's § 1983 claim against Defendant City of Harrodsburg, arising out of an alleged violation of Plaintiff's Fourth Amendment rights by Defendant Elder; and (4) Plaintiff's claim alleging negligent screening and/or hiring by Defendant City of Harrodsburg. *Id.*

Defendants now seek leave from the Court, pursuant to Federal Rule of Civil Procedure 14, to file a third-party complaint against the Comptons, the parents of Plaintiff, seeking indemnity and apportionment. [D.E. 47].

**II. Standard of Review**

A defendant may serve a third-party defendant without leave of the court within fourteen days of serving its original answer. Fed. R. Civ. P. 14(a)(1). After fourteen days, a defendant may only serve a third-party complaint with leave from the court. *Id.* The fourteen day period to freely file a third-party complaint having passed, Defendants may only file the third-party complaint with leave from the Court.

"The decision whether to grant a motion for leave to implead is a matter committed to the discretion of the district court, and the exercise of discretion is essentially a process of balancing the prejudices." *Botkin v. Tokio Marine & Nichido Fire Ins. Co. Ltd.*, No. 12-95-DLB-CJS, 2013 WL 3489469, at *6 (E.D. Ky. July 10, 2013) (citing *Asher v. Unarco Material Handling, Inc.*, No. 6:06-548-DCR, 2007 WL 3046064, at *4 (E.D. Ky. Oct. 16, 2007)). For impleader to be proper, "[t]he third-party defendant's liability must be (1) owed to the impleading party; (2) based on the underlying claim against the impleading party; and (3) derivative of the impleading party's liability. *Gookin v. Altus Capital Ptnrs.*, No. 05-179-JBC, 2006 WL 7132020, at *2 (E.D. Ky. Mar. 24, 2006) (citing Moore's Fed. Prac. & Pro. § 14.04 (2005)). "A timely application for impleader should be granted except when it will delay or disadvantage the existing action or the third-party claim obviously lacks merit." 6

3

Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1443 (3d ed. 1998).

**III. Analysis**

The Court construes Defendants' proposed third-party complaint as one seeking indemnity and contribution, rather than indemnity and apportionment. "Apportionment relates to the division of liability in the absence of joint and several liability." *Bancamerica Commercial Corp. v. Trinity Indus.*, 900 F. Supp. 1427, 1470 (D. Kan. 1995). Apportionment is appropriate when there are two or more causes of harm and "there is a reasonable basis for determining the contribution of each cause to a single harm." Restatement (Second) of Torts § 433A(1)(b) (1965); *see also Dent v. Beazer Materials & Servs.*, 156 F.3d 523, 529 (4th Cir. 1998) (finding that the federal common law of apportionment is based on § 433A of the Restatement (Second) of Torts). Conversely, contribution is appropriate "[w]hen two or more persons are or may be liable for the same harm and one of them discharges the liability of another by settlement or discharge of judgment." Restatement (3rd) Torts: Apportionment of Liability § 23 (2000).

Defendants request "[t]hat, in the event that the Plaintiff obtains a judgment against the City of Harrodsburg and/or Ernie Kelty, in his individual capacity, the Third-Party Defendants, Rodney Compton and Deanna Compton, should alternatively be held

4

to share an apportionment of such judgment." [D.E. 47-1, at 7]. The Court understands the proposed third-party complaint to request that the Comptons be liable for a portion of any judgment for which Defendants might be found liable, as opposed to an allocation of liability in the absence of joint and several liability. As such, the Court construes this demand as a claim for contribution.[1]

"A right to total indemnity may exist if the joint tort feasors [sic] are not in pari delicto and the party secondarily negligent asserts a claim against the one primarily negligent." *Lexington Country Club v. Stevenson*, 290 S.W.3d 137, 143 (Ky. 1965) (citing *Brown Hotel Co. v. Pittsburgh Fuel Co.*, 224 S.W.2d 165 (Ky. 1949)). Indemnity is available in either of two situations:

> (1) Where the party claiming indemnity has not been guilty of any fault, except technically, or constructively, as where an innocent master was held to respond for the tort of his servant acting within the scope of his employment; or (2) where both parties have been in fault, but not in the same fault, towards the party injured, and the fault of the party from

---

[1] If the Court has misconstrued the relief sought by Defendants, Defendants are free to again seek leave from the Court to file a third-party complaint, clarifying the relief sought. Additionally, if Defendants seek apportionment of liability, Defendants may make a request for an apportionment instruction at the appropriate time, despite the Comptons' absence from this suit. Restatement (Second) of Torts § 433A cmt. a (1965) ("[The rules] apply where each of the causes in question consists of the tortious conduct of a person; and it is immaterial whether all or any of such persons are joined as defendants in the particular action.").

5

> whom indemnity is claimed was the primary and efficient cause of the injury.

*Degener v. Hall Contr. Corp.*, 27 S.W.3d 775, 780 (Ky. 2000) (quoting *Louisville Ry. Co. v. Louisville Taxicab & Transfer Co.*, 77 S.W.2d 36, 39 (Ky. 1934)).

"The right to contribution arises when two or more joint tortfeasors are guilty of concurrent negligence of substantially the same character which converges to cause the plaintiff's damages." *Degener v. Hall Contracting Corp.*, 27 S.W.3d 775, 778 (Ky. 2000).

**A. Federal Law Claims**

The Court must first determine whether indemnity and/or contribution can be asserted as to the federal law claims. Indemnity and contribution are not expressly provided for by 42 U.S.C. § 1983. 42 U.S.C. § 1983 (2006). Therefore, for the proposed third-party complaint to state a permissible claim, a right to indemnity and/or contribution must be implicitly created by 42 U.S.C. § 1983.

The United States Supreme Court, in *Northwest Airlines v. Transport Workers Union of America*, confirmed that the ultimate question in determining whether a statute implicitly creates a private right "is whether Congress intended to create the private remedy." 451 U.S. 77, 91 (1981). Neither the Supreme Court of the United States nor the United States Court of

6

Appeals for the Sixth Circuit have addressed whether Congress intended to create a private right to indemnity or contribution within 42 U.S.C. § 1983. However, precedent from this district holds that 42 U.S.C. § 1983 does not imply a right to indemnity or contribution.

Largely relying on the Supreme Court's decision in *Northwest Airlines*, this Court, in *Hart v. City of Williamsburg,* held that there was "no statutory right or common law right to contribution and/or indemnity under 42 U.S.C. § 1983." No. 6:04-321-DCR, 2005 WL 1676894, at *3 (E.D. Ky. July 16, 2005); *see also Dempsey v. City of Lawrenceburg*, No. 3:09-33-DCR, 2010 WL 3724838, at *3 (E.D. Ky. Sept. 17, 2010); *Cochran v. Folger*, No. 5:09-302-JMH, 2010 WL 2696634, at *3 (E.D. Ky. July 6, 2010).

Based on the foregoing, this Court finds that Defendants claims for indemnity and contribution, arising out of potential liability under 42 U.S.C. § 1983, are impermissible. Being unable to assert a claim of indemnity and/or contribution, the Defendants have failed to show that the Comptons are, or may be, liable to the Defendants for all or part of the federal claims against Defendants. Thus, impleader is improper as to the federal claims.

**B. State Law Claims**

As to the state law claims asserted against Defendants, the Court must determine whether the requirements for indemnity

7

and/or contribution are met under Kentucky law. The pending state law claims are (1) a tort of outrage claim against Defendant Kelty; (2) a general negligence claim against Defendants; (3) negligent training, supervision, and retention claims against Defendants; (4) negligent screening and hiring claims against Defendant Kelty; and (5) an alleged statutory violation of KRS 620.030, made actionable by KRS 446.070, against Defendants, based on a failure to report child abuse.

**1. Tort of Outrage**

Defendant Kelty may not maintain an action for contribution against the Comptons for liability arising out of Plaintiff's tort of outrage claim. The tort of outrage is an intentional tort. *Burgess v. Taylor*, 44 S.W.3d 806, 811 (Ky. Ct. App. 2001) ("In order to recover under the tort of outrage, a plaintiff must prove: 1) the wrongdoer's conduct must be intentional or reckless . . . ."). "No one can be permitted to relieve himself from the consequences of having intentionally committed an unlawful act, by seeking an indemnity or contribution from those with whom, or by whose authority, such unlawful act was committed." *Sutton v. Morris*, 44 S.W. 127, 127 (Ky. 1898) (quoting *Jacobs v. Pollard*, 64 Mass. 287 (Mass. 1852)); *see also* KRS 412.030 ("Contribution among wrongdoers may be enforced where the wrong is a mere act of negligence and involves no

8

moral turpitude."). Thus, contribution is not allowable for liability arising out of an intentional tort.

Likewise, Defendant Kelty may not maintain an action for indemnity against the Comptons for liability arising out of Plaintiff's tort of outrage claim. In regard to indemnity and intentional torts, this Court has previously recognized that:

> *Even if* a jury could reasonably find that the plaintiff's alleged injuries were caused by the intentional acts and omissions of *both* [the third party defendant] *and* the defendants, the defendants would still be unable to recover from [the third party defendant] on indemnity grounds *as a matter of law* because the very nature of the plaintiff's intentional tort claims would preclude them from showing that [the third party defendant] was the active wrongdoer and they merely passive accomplices or bystanders.

*Hall v. MLS Nat. Medical Evaluations, Inc.*, No. 05-185-JBC, 2007 WL 1385943, at *4 (E.D. Ky. May 8, 2007). Thus, even if the Comptons were found to have committed intentional conduct, Defendant Kelty would be unable to show that his liability, founded upon intentional conduct, was based on being a "passive tortfeasor" or that he was not in the "same fault" as the Comptons. *Degener*, 27 S.W.3d at 780. Therefore, Defendant Kelty may not assert indemnity against the Comptons for any liability arising out of the tort of outrage claim.

## 2. Negligence

Defendants may not maintain an action for indemnity or contribution against the Comptons. As characterized in previous

9

Case: 5:12-cv-00302-JMH-REW   Doc #: 49   Filed: 09/06/13   Page: 10 of 12 - Page ID#: 863

filings with the Court, the negligence claim is founded upon a theory of failure to control a third party, specifically, Defendant Elder. [D.E. 15, at 18]. A third party may be impleaded only if the third party "is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). Defendants have wholly failed to explain how the Comptons had the ability and duty to control Defendant Elder or why the Comptons are liable to Defendants for a failure to exercise their own duty to control Defendant Elder. Thus, impleader is improper for the general negligence claim.

**3. Negligent Supervision, Screening, Hiring, Training, or Retention**

Defendants may not file a third-party complaint seeking indemnity or contribution against the Comptons based on a finding of liability for negligent training, supervision, or retention. Likewise, Defendant Kelty may not file a third-party complaint seeking indemnity or contribution against the Comptons for negligent screening or hiring. A third party may be impleaded only if the third party "is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). Defendants failed to explain why the Comptons' awareness of an inappropriate relationship between Plaintiff, their daughter, and Defendant Elder would make the Comptons liable to Defendants if they were found to be negligent in performing their own

10

duties arising out of their employment of Defendant Elder. Therefore, impleader is improper for claims of negligent training, supervision, or retention against Defendants and claims of negligent screening or hiring against Defendant Kelty.

**4. Failure to Report**

The Defendants may not maintain an action for indemnity or contribution for a failure to report child abuse under KRS 620.030. The statute places an affirmative, non-delegable duty to report on each person who is aware of possible child abuse. KRS 620.030(1) ("Any person who knows or has reasonable cause to believe that a child is dependent, neglected, or abused shall immediately cause an oral or written report to be made to a local law enforcement agency . . . Nothing in this section shall relieve individuals of their obligations to report."); *Lane v. Commonwealth*, 956 S.W.2d 874, 875 (Ky. 1997) ("KRS 620.030 establishes an affirmative duty to report dependency, neglect or abuse."). To allow Defendants to shift the responsibility for breaching the duty placed on them by KRS 620.030, through an action for indemnity or contribution, would contradict the clear statutory intent to place the duty on every individual who suspects a child is being abused. *See Commonwealth v. Allen*, 980 S.W.2d 278, 281 (Ky. 1998) ("The language of KRS 620.030(1) is clear and unambiguous. All individuals with firsthand knowledge or reasonable cause to believe that a child is abused have a

mandatory duty to report the abuse."). Therefore, Defendants cannot show that the Comptons are liable to them for any, or all, of the liability Defendants may have based on their own dereliction of a statutorily imposed duty to report.

**IV. Conclusion**

Accordingly, for the foregoing reasons, **IT IS ORDERED** that Defendants' Joint Motion to File a Third-Party Complaint [D.E. 47] be, and the same hereby is, **DENIED**.

This the 6th day of September, 2013.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge