```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF KENTUCKY
                     CENTRAL DIVISION at LEXINGTON

SAMANTHA COMPTON,                )
                                 )
     Plaintiff,                  )
                                 )        Civil Case No.
v.                               )        5:12-cv-302-JMH-REW
                                 )
CITY OF HARRODSBURG,             )        MEMORANDUM OPINION
KENTUCKY, et al.,                )            AND ORDER
                                 )
     Defendants.                 )
                                 )
```

                                 ***

This matter is before the Court upon a Joint Motion to Reconsider [D.E. 50] filed by Defendants City of Harrodsburg and Ernie Kelty, in his individual capacity. The Court having reviewed the Motion, and being otherwise sufficiently advised, this matter is now ripe for review.

**I. Factual and Procedural Background**

Plaintiff filed a complaint against Defendants on September 25, 2012, under 42 U.S.C. § 1983, alleging Constitutional violations, as well as state law violations, arising out of Plaintiff's sexual relationship with a member of the City of Harrodsburg Police Department. [D.E. 1]. The Court previously dismissed several parties, as well as several of Plaintiff's claims. [D.E. 24]. Defendants City of Harrodsburg and Ernie Kelty, in his individual capacity, then sought leave from this Court to file a third-party complaint against Rodney and Deanna

Compton, the parents of Plaintiff. [D.E. 47]. The Court construed the third-party complaint as one seeking indemnity and contribution, and denied Defendants' Motion for Leave to file the third-party complaint. [D.E. 49]. Defendants have filed a new Motion, asking the Court to reconsider its denial of leave to file the third-party complaint and clarifying that Defendants are seeking apportionment. [D.E. 50].

**II. Standard of Review**

"District courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment." *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991) (citing *Marconi Wireless Telegraph Co. v. United States*, 320 U.S. 1, 47-48 (1943)). Courts grant a motion to reconsider "when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) (citing *Reich v. Hall Holding Co.*, 990 F. Supp. 955, 965 (N.D. Ohio 1998)).

**III. Analysis**

As to the indemnity claims, the Court does not find that Defendants have presented a change of law, new evidence, or manifest injustice that would warrant reconsidering its prior Order. However, the Court will address each of Defendants

2

contentions in an attempt to clarify the findings in its previous Order. Thus, as to the indemnity claims, the previous Order [D.E. 49] stands as entered. Previously, the Court construed Defendants' third-party complaint as one seeking contribution, rather than apportionment, based on the language used in the third-party complaint. [D.E. 49 at 4]. Through their Motion to Reconsider, Defendants have informed the Court that apportionment, rather than contribution, is what they intended to plead. [D.E. 50 at 6]. The Court finds that Defendants have preserved their right to have fault apportioned on the state law claims.

**A. Indemnity**

Defendants do not assert any valid claims for indemnity. Defendants have not asked the Court to reconsider its finding that indemnity was not proper for any liability on claims arising under 42 U.S.C. § 1983. [D.E. 50 at 4]. Thus, the Court will only assess the availability of indemnity for the state law claims.

"A right to total indemnity may exist if the joint tortfeasors are not in pari delicto and the party secondarily negligent asserts a claim against the one primarily negligent." *Lexington Country Club v. Stevenson*, 390 S.W.2d 137, 143 (Ky. 1965) (citing *Brown Hotel Co. v. Pittsburgh Fuel Co.*, 224 S.W.2d

3

165 (Ky. 1949)). In Kentucky, indemnity will lie in two situations:

> (1) Where the party claiming indemnity has not been guilty of any fault, except technically, or constructively, as where an innocent master was held to respond for the tort of his servant acting within the scope of his employment; or (2) where both parties have been in fault, but not in the same fault, towards the party injured, and the fault of the party from whom indemnity is claimed was the primary and efficient cause of the injury.

*Degener v. Hall Contr. Corp.*, 27 S.W.3d 775, 780 (Ky. 2000). The Defendants' seek leave to file a third-party complaint asserting indemnity based upon potential liability for the following state law claims: (1) a tort of outrage claim against Defendant Kelty; (2) a general negligence claim against Defendants; (3) negligent training, supervision, and retention claims against Defendants; (4) negligent screening and hiring claims against Defendant Kelty; and (5) an alleged statutory violation of KRS 620.030, made actionable by KRS 446.070, against Defendants, based on a failure to report child abuse. The appropriateness of impleader for these claims will be discussed in turn.

**1. Intentional Torts**

**a. Tort of Outrage**

As the tort of outrage is an intentional tort, Defendant Kelty may not implead the Comptons to assert a claim of indemnity as to the tort of outrage claim. One condition for impleader is that the third-party defendant's liability be

4

"derivative of the impleading party's liability." *Gookin v. Altus Capital Partners, Inc.*, No. 05-179-JBC, 2006 WL 7132020, at *2 (E.D. Ky. Mar. 24, 2006) (citing Moore's Fed. Prac. And Pro. § 14.04 (2005)). "Liability is derivative where it is dependent on the determination of liability in the original action." *Id.* at *3 (citations omitted). Thus, in order for Defendant Kelty to recover on indemnity he must first be found liable. To be found liable, Defendant Kelty must be found to have acted intentionally. *See Burgess v. Taylor*, 44 S.W.3d 806, 811 (Ky. Ct. App. 2001) ("In order to recover under the tort of outrage, a plaintiff must prove: 1) the wrongdoer's conduct must be intentional or reckless . . . ."). Indemnity is only allowed when a party is the "passive tortfeasor," or when "in fault, but not the same fault." *Degener*, 27 S.W.3d at 780. If Defendant Kelty is found to have acted intentionally he cannot be considered "passive" and he will at least be in the "same fault," because there is no greater degree of fault than to act intentionally. Thus, as a matter of law, Defendant Kelty cannot succeed on indemnity for liability arising out of Plaintiff's tort of outrage claim, and impleader is improper.

**b. Duty to Report**

Defendants may not be indemnified by the Comptons in the event Defendants are found liable for failing to report child abuse under KRS 620.030. The Kentucky General Assembly made it

5

abundantly clear that every person who knows of child abuse shall report that abuse. *See* KRS 620.030 ("Any person who knows or has reasonable cause to believe that a child is dependent, neglected, or abused shall immediately cause an oral or written report to be made. . . . Nothing in this section shall relieve individuals of their obligations to report."). Indemnity shifts responsibility from the passive tortfeasor to the active tortfeasor by making the active tortfeasor liable for the entire judgment. *See Stanford v. United States*, No. 12-93-ART, 2013 WL 2422790, at *12 (E.D. Ky. May 31, 2013) (citing *Lexington Country Club v. Stevenson*, 390 S.W.2d 137, 143 (Ky. 1965)) ("[I]t is a right to 'total indemnity.' Because indemnity holds a tortfeasor liable for all of the plaintiff's damages, the party must show that this strong remedy is warranted."). This Court will not allow Defendants to pass their responsibility for failing to report child abuse onto the Comptons, especially when the statutory intent to impose a duty on every party with knowledge of abuse is so clear.

Furthermore, like the tort of outrage claim, Defendants, as a matter of law, will not be able to show indemnity is warranted. If Defendants had knowledge of potential child abuse, the statute imposed an affirmative duty on them, in which failing to exercise that duty will preclude them from claiming they were passive tortfeasors. Additionally, Defendants cannot

6

show they did not commit the same fault as the Comptons, as it is alleged that both failed to report. Thus, impleader is improper.

**2. Negligence Claims**

Defendants do not assert a derivative claim for which impleader is proper for any of Plaintiff's claims arising out of a theory of negligence. One condition for impleader is that the third-party defendant's liability is "derivative of the impleading party's liability." *Gookin*, 2006 WL 7132020, at *2 (citing Moore's Fed. Prac. And Pro. § 14.04 (2005)). "Liability is derivative where it is dependent on the determination of liability in the original action." *Id.* at *3 (citations omitted). Thus, assuming Defendants have a claim for indemnity, the Comptons could only be liable to Defendants if Defendants were first found liable.

Defendants make their motion to reconsider, in part, because they believe the Court erred by finding that a duty was owed from the Comptons to the Defendants before indemnity could be asserted. [D.E. 50 at 6]. However, the Court espoused no view on whether indemnity required a duty. Rather, the Court's decision was derived from the text of the Federal Rules of Civil Procedure, and whether impleader was allowed at all, without regard to the cause of action asserted. A third party may be impleaded only if the third party "is or may be liable to

7

[defendant] for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). This Court has previously denied a motion for leave to file a third-party complaint because the defendants "failed to even attempt to assert any duty or relationship which indicate[d] derivative liability as required under Rule 14." *Asher v. Unarco Material Handling, Inc.*, No. 6:06-548-DCR, 2007 WL 3046064, at *7 (E.D. Ky. Oct. 16, 2007). Therefore, impleader can only be granted if the Defendants assert some underlying theory on which the Comptons could be liable to Defendants.

Rather than assert a third-party complaint asserting that the Comptons are liable to *Defendants*, Defendants are attempting to assert a third-party claim based upon an allegation that the Comptons are liable to *Plaintiff*. [D.E. 50 at 6] ("[W]hat is important is that Rodney and Deanna Compton owed and breached a duty to the Plaintiff . . . ."). This practice is not allowed:

> Despite the clear language of the impleader rule on this point, some defendants continue to attempt to implead a third party on the basis of the third-party defendant's direct liability to the *plaintiff*. The courts properly reject such attempts and limit impleader to those third parties who are derivatively liable to the defendant.

3 James Wm. Moore et al., Moore's Fed. Prac. & Pro. § 14.04 (3d ed. 1997); *see also Brown v. Int'l Union, United Auto, etc.*, 85 F.R.D. 328, 336 (W.D. Mich. 1980) (citations omitted) ("It is well settled that 'a third party may be impleaded only on the grounds that it is liable to the defendant, and not on the

8

grounds that it, as well as the original defendant, may be liable to the plaintiff.'"); *Asher v. Unarco Material Handling, Inc.*, 2007 WL 3046064, at *6 ("[Defendants] repeatedly cite to duties that Wal-Mart owed to the Plaintiffs, as an employer and under federal law, but these claims are not sufficient to warrant granting the proposed impleader."). The Comptons may very well have owed a duty to Plaintiff, but Defendants may not utilize Rule 14 in an attempt to assert a violation of a duty owed only to Plaintiff. Defendants may not implead the Comptons for any potential liability on the negligence claims.

**B. Apportionment**

In its previous order, the Court construed Defendants' third-party complaint as asserting a claim for contribution, rather than a request for apportionment. [D.E. 49 at 4]. The Court also indicated that if Defendants sought apportionment they could request an apportionment instruction at the appropriate time. [D.E. 49 at 5 n.1]. Through its Motion to Reconsider, Defendants have informed the Court they are seeking apportionment. [D.E. 50 at 3]. The Court agrees that an apportionment instruction may be appropriate as to the state law claims.

**1. Federal Law Claims**

Defendants are not entitled to an apportionment instruction for liability on the claims made under 42 U.S.C. § 1983.

9

Plaintiff asserts claims under 42 U.S.C. § 1983 against the City of Harrodsburg, Defendant Kelty, in his individual capacity, and Defendant Elder, in his individual capacity, for violations of substantive due process and personal integrity as guaranteed by the Fourteenth Amendment. Apportionment is appropriate when there are two or more causes and "there is a reasonable basis for determining the contribution of each cause to a single harm." Restatement (Second) of Torts § 433A (1965). Thus, for an apportionment instruction to be appropriate, both Defendants and the Comptons must have caused the same harm to Plaintiff. However, the Comptons could not have caused the constitutional harms to Plaintiff that are redressable by 42 U.S.C. § 1983. By bringing suit under § 1983, Plaintiff is seeking to recover for the distinct harm of having her constitutional rights violated by a person acting under color of state law. *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986) ("[T]he two essential elements to a § 1983 action are . . . (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States."). The Comptons were not acting under color of state law, and cannot deprive Plaintiff of her constitutional rights. Apportionment is not appropriate on the

10

federal law claims because the Comptons did not cause the constitutional harms of which Plaintiff complains.

**2. State Law Claims**

"Apportionment spreads the liability for a plaintiffs claims among the tortfeasors based on their relative fault." *Stanford*, 2013 WL 2422790, at *11. Under Kentucky law, apportionment is only applicable to tortfeasors in pari delicto. *See Degener*, 27 S.W.3d at 780. Parties are in pari delicto when they "are guilty of concurrent negligence of substantially the same character which converges to cause the plaintiffs damages." *Id.* at 778 (citing *Lexington Country Club v. Stevenson*, 390 S.W.2d 137, 143 (1965)). The Court finds that Defendants have stated allegations against the Comptons that, if proved at trial, would warrant an apportionment instruction on the state law claims.

Under Kentucky law, fault may only be apportioned among tortfeasors who have been a party to the litigation, or settling non-parties. *See* KRS 411.182; *Baker v. Webb*, 883 S.W.2d 898, 900 (Ky. Ct. App. 1994) ("When the statute states that the trier-of-fact shall consider the conduct of 'each party at fault,' such phrase means those parties complying with the statute as named parties to the litigation and those who have settled prior to litigation, not the world at large."). Therefore, for fault to
11

be apportioned to the Comptons on the state law claims, the Comptons must have been a party to this action.

Thus, to preserve Defendants' apportionment instruction the Court will follow the practice established by other federal courts applying Kentucky law. "The practice is to bring the alleged wrongdoer into the case by a third party complaint only to then have it dismissed." *Grimes v. Mazda N. Am. Operations*, 355 F.3d 566, 572 (6th Cir. 2004) (citing D. Ct. Order, dated Mar. 8, 2000); *see also Hayes v. MTD Prods., Inc.*, No. 3:05-cv-781-H, 2007 WL 437687, at *1-2 (W.D. Ky. Feb. 5, 2007). Based upon this practice, the Court will grant Defendants' Motion to File a Third-Party Complaint. [D.E. 47]. However, as discussed above, Defendants do not assert a valid claim for indemnity, and apportionment is not an independent cause of action. *Peoples Bank of N. Ky., Inc. v. Horwath*, 390 S.W.3d 830, 836 (Ky. Ct. App. 2012). Therefore, in seven days, the Court will sua sponte dismiss without prejudice the third-party complaint for failure to state a claim on which relief can be granted. *See Hayes*, 2007 WL 437687, at *2.

In keeping the possibility of an apportionment instruction alive, the Court stresses that it is not granting an apportionment instruction at this time. An apportionment instruction will only be given if Defendants set forth evidence at trial on which a reasonable juror could find the Comptons at

12

fault. *See Owens Corning Fiberglas Corp. v. Parrish*, 58 S.W.3d 467, 471 n.5 (Ky. 2001) ("Fault may not be properly allocated to a party, a dismissed party or settling nonparty unless the court or the jury first finds that the party was at fault."); *Barnes v. Owens-Corning Fiberglas Corp.*, 201 F.3d 815, 826-27 (6th Cir. 2000)("In order to successfully obtain an apportionment instruction as to a person covered by section 411.182, the party seeking the instruction must show that a reasonable juror could conclude that apportionment of some liability to that defendant is justified.").

The Court feels compelled to remind Defendants that an apportionment instruction does not entitle them to an "apportionment of such judgment," which is the relief requested by Defendants' third-party complaint. [D.E. 47-1 at 7]. In other words, if an apportionment instruction is given and fault apportioned to the Comptons, it will not make the Comptons responsible for any part of a judgment for which Defendants may be found liable. Rather, apportionment is merely a jury instruction to apportion fault that, if Defendants are not found to be completely at fault, will decrease the amount of the judgment Defendants have to pay. *See* KRS 411.182 ("[T]he court . . . shall instruct the jury . . . the percentage of the total fault of all the parties to each claim that is allocated to each

13

claimant, defendant, third-party, defendant, and person who has been released from liability.").

Defendants rely on *Missouri v. Jenkins*, 495 U.S. 33 (1990), for the proposition that cost can be apportioned. [D.E. 50 at 3]. Defendants' reliance on this case is misplaced for two reasons. First, the cost of the judgment was apportioned among tortfeasors who were jointly and severally liable. The district court in that case found it more equitable to split up the liability according to relative fault, rather than equally. There is no claim of joint and several liability among Defendants and the Comptons, and, more importantly, Kentucky has abolished joint and several liability. *Degener*, 27 S.W.3d at 779. Second, the judgment was divided among defendants who could be, and were, sued under 42 U.S.C. § 1983. The Comptons cannot be sued under § 1983 because they were not acting under color of state law. *Missouri v. Jenkins* only stands for the proposition that the judgment could be apportioned among Defendants, which will already be done because, as Defendants point out, Defendants have already asked for apportionment among themselves. [D.E. 50 at 7]; *see also Barton Protective Servs., Inc. v. Faber*, 745 So. 2d 968, 976 (Fla. Dist. Ct. App. 1999) (citations omitted) ("To the limited extent that the issue of apportionment of fault arose in [*Missouri v. Jenkins*], it did so in the context of the court's equitable power to allow for

14

contribution among joint and several tortfeasors to ensure complete funding of the remedy.").

**IV. Conclusion**

Accordingly, for the foregoing reasons, **IT IS ORDERED:**

(1) that Defendants Motion to Reconsider [D.E. 50] be, and the same hereby is, **GRANTED**;

(2) that the Court's Order of September 6, 2013 [D.E. 49] denying Defendant's Motion for Leave to File a Third-Party Complaint be, and the same hereby is, **VACATED IN PART** and **AMENDED AS SET FORTH HEREIN**;

(3) that Defendant's Motion for Leave to File a Third-Party Complaint [D.E. 47] be, and the same hereby is, **GRANTED**. The Clerk shall **FILE** Defendants' proposed third-party complaint [D.E. 47-1] subject to the limitations described herein.

This the 2nd day of October, 2013.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge